**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 2, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40399
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON BAZAN, III,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-230-1
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges

PER CURIAM:*

     Ramon Bazan, III, appeals his jury conviction and sentence

for possession of a firearm by a convicted felon in violation of

18 U.S.C. §§ 922(g)(1) and 924(a)(2).

     Bazan contends that the Government failed to prove beyond a

reasonable doubt that he knowingly possessed a firearm.  Because

Bazan did not move for a judgment of acquittal in the district

court,"our review is limited to determining whether there was a

manifest miscarriage of justice, that is, whether the record is

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

devoid of evidence pointing to guilt." United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001) (internal quotation marks and citation omitted). Viewing the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences and credibility choices, the record is not devoid of evidence that Bazan knowingly possessed a firearm. See United States v. Glavan, 949 F.2d 777, 783 (5th Cir. 1991) (internal quotation marks and citation omitted).

Bazan also contends that the district court deprived him of his constitutional right to present a defense by limiting his closing argument and forcing him to choose between his right not to have an unconstitutionally obtained statement introduced and his right to put the Government's case to meaningful adversarial testing via closing argument on the Government's faulty investigation of the case. Because Bazan did not object to the alleged error in the district court, this court reviews for plain error. See United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).

The record does not support Bazan's assertion that the district court limited his closing argument and forced him to give up one constitutional right to enforce another. Therefore, Bazan cannot show plain error. See Calverley, 37 F.3d at 162-64.

Bazan further contends that his due process rights were violated when Officer Carlos Muniz presented false testimony at trial and the Government relied on this false testimony in its

closing argument.  Because Bazan did not object to the alleged error in the district court, this court reviews for plain error. See Calverley, 37 F.3d at 162.

The record does not support Bazan's claim that Officer Muniz testified falsely.  Further, assuming arguendo that Officer Muniz testified falsely and the Government knew his testimony was false, Bazan cannot establish that the false testimony was material.  Therefore, Bazan cannot show plain error.  See Calverley, 37 F.3d at 162-64; United States v. Mason, 293 F.3d 826, 828 (5th Cir. 2002).

Finally, Bazan contends that the armed career criminal sentencing enhancement under 18 U.S.C. § 924(e)(1) violated his constitutional rights to an indictment by a grand jury and to a trial by jury.  He also contends that Blakely v. Washington, 124 S. Ct. 2531 (2004) applies in determining his sentence.

As Bazan concedes, these issues are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and United States v. Piniero, 377 F.3d 464, 473 (5th Cir.), petition for cert. filed (U.S. July 14, 2004).

Accordingly, the district court's judgment is AFFIRMED.