United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40399
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RAMON BAZAN, III,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-230-1
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    This court affirmed the conviction and sentence of Ramon

Bazan, III.  United States v. Bazan, No. 04-40399 (5th Cir.

Dec. 2, 2004) (unpublished).  The Supreme Court vacated and

remanded for further consideration in light of United States v.

Booker, 543 U.S. 220 (2005).  Bazan v. United States, 126 S. Ct.

2860 (2006).  This court requested and received supplemental

letter briefs addressing the impact of Booker.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his supplemental letter brief, Bazan contends that the district court violated his Sixth Amendment right to a jury trial when it enhanced his sentence based on facts that were neither admitted by him nor found by a jury beyond a reasonable doubt. He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for further review.

Bazan also contends that the district court committed reversible plain error when it sentenced him pursuant to the mandatory Sentencing Guidelines held unconstitutional in Booker. By challenging his sentence under Blakely v. Washington, 542 U.S. 296 (2004), on direct appeal, Bazan has sufficiently preserved this issue for review on remand from the Supreme Court. See United States v. Cruz, 418 F.3d 481, 484 (5th Cir.), cert. denied, 126 S. Ct. 770 (2005).

The district court erred when it sentenced Bazan pursuant to the mandatory guidelines system held unconstitutional in Booker. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). A Fanfan error is neither structural nor presumptively prejudicial and, instead, is subject to the plain error analysis set forth in United States v. Mares, 402 F.3d 511 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). See United States v. Martinez-Lugo, 411 F.3d 597, 601

(5th Cir.), cert. denied, 126 S. Ct. 464 (2005); United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

Bazan has not demonstrated that the district court's error affected his substantial rights. Although Bazan argues that the district court could have imposed a lower sentence based on the age of the convictions used to apply the armed career criminal enhancement, as he acknowledges, the district court made no remarks indicating that it would have imposed a different sentence under an advisory guidelines system. In fact, the district court rejected Bazan's request that he be sentenced at the bottom of the guideline range. Given the lack of evidence indicating that the district court would have reached a different conclusion, Bazan has not demonstrated that his substantial rights were affected, and, thus, he has failed to establish plain error. See Mares, 402 F.3d at 520-22.

Booker does not require this court to change the prior affirmance in Bazan's case. Accordingly, we REINSTATE our judgment affirming Bazan's conviction and sentence.

AFFIRMED.